## MATTER OF HAYS

### In Section 214(d) Proceedings

### A–19789845

*Decided by District Director August 29, 1972*
*Affirmed by Regional Commissioner September 6, 1972*

In the absence of fraud, an alien admitted as the nonimmigrant fiancee of a U.S. citizen under section 101(a)(15)(K) of the Immigration and Nationality Act, as amended, who concluded a valid marriage to the citizen within 90 days after entry, is eligible for permanent resident status pursuant to section 214(d) of the Act, notwithstanding she and her citizen husband separated about 17 days after their marriage and chances for reconciliation are doubtful.

ON BEHALF OF APPLICANT: Pro se

### BEFORE THE DISTRICT DIRECTOR
(August 29, 1972)

The applicant is a 53-year-old native and citizen of Honduras. She arrived in the United States on May 7, 1971 in possession of a visa issued pursuant to section 101(a)(15)(K) of the Immigration and Nationality Act. Her purpose in coming to the United States was to conclude a marriage with a United States citizen. On May 24, 1971, seventeen days after her arrival, the petitioner concluded this marriage, and, on July 29, 1971, submitted the application for status as a lawful permanent resident.

The applicant was scheduled for an interview on her application several times, but declined to appear because the dates could not be worked into her schedule. When she did appear, it was developed that her marriage had lasted less than seventeen days, that her husband was imprisoned, and that her only means of support was employment as a housekeeper. In a letter to the Service the applicant's husband stated:

I am writing to you concerning my wife, I'm not signing any papers where she is concerned, her and I aren't living together any more and haven't since June, you can send her back if you want to, she isn't anything like she is supposed to be, she lies. Everything she put in writing is lies. All she came for is my name so she could be a United States citizen.

When interviewed, the husband stated he lived with the appli-

188

cant only until June 10, 1971, when he left her because they did not get along. He met the applicant in Honduras in a bar in 1970. They dated several times, and after he returned to the United States they corresponded for about one and one-half years before deciding to marry.

The applicant was questioned in considerable depth about her reason for coming to the United States. She steadfastly maintained her reason was to conclude a valid marriage and establish a home. Nothing has been presented to refute this.

The applicant entered the United States with a valid nonimmigrant visa issued in accordance with the provisions of section 101(a)(15)(K) of the Act, which describes a fiancee as:

(K) an alien who is the fiancee or fiance of a citizen of the United States and who seeks to enter the United States solely to conclude a valid marriage with the petitioner within ninety days after entry, and the minor children of such fiancee or fiance accompanying him or following to join him.

Section 214(d) of the Act states, in part:

In the event the marriage between the said alien and petitioner shall occur within three months after entry and they are found otherwise admissible, the Attorney General shall record the lawful admission for permanent residence of the alien and minor children as of the date of the payment of the required visa fee.

Although the applicant and her husband lived together for only about 17 days after marrying, and chances for a reconciliation are doubtful, she nevertheless did conclude a valid marriage within the statutory 90-day period. It has also been established she was the beneficiary of an approved petition to accord her fiancee status, and that she and her husband were legally entitled to marry. No element of fraud is indicated.

**ORDER:** It is ordered that the application for status as a permanent resident under section 214(d) of the Immigration and Nationality Act be granted.

*It is further ordered* that the decision be certified to the Regional Commissioner, Northwest Regional Office, Immigration and Naturalization Service, for review.

**BEFORE THE REGIONAL COMMISSIONER**

(September 6, 1972)

This matter has been certified to me by the District Director at Portland, Oregon, who has approved the application for status as a permanent resident.

I find the District Director's order in this case complete and copies have been furnished to all interested parties. There is no need to restate the facts in this case which are not in dispute.

*It is ordered* that the District Director's decision be and hereby is affirmed.