MATTER OF DIXON

In Deportation Proceedings

A-20262126

*Decided by Board September 15, 1977*

(1) Respondent was admitted to the United States under section 101(a)(15)(K) of the Immigration and Nationality Act as the fiancee of a U.S. citizen. Within 90 days of entry she contracted a lawful marriage with the United States citizen which had become nonviable at the time she applied for recordation of lawful admission for permanent residence under section 214(d) of the Act. The District Director denied recordation on the ground that respondent's marriage was no longer viable.

(2) A nonviable or terminated marriage does not bar an applicant from section 214(d) benefits if she can establish that she entered into a lawful marriage with the petitioning fiance within 90 days after entry and she is not within any of the classes of individuals who are excludable from admission under section 212 of the Act.

(3) Since lawful permanent residence is accorded a section 214(d) applicant as an immediate relative, and the marriage, whether viable or not, is sufficient basis to accord that status, the labor certification requirements of section 212(a)(14) of the Act should not be made a part of the consideration in determining whether an applicant is "otherwise admissible" for purposes of section 214(d) of the Act under the circumstances of this case.

(4) *Matter of Harris*, Interim Decision 2336 (BIA 1974) overruled.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Carolyn J. Biermann, Esquire
4484 West Pine Boulevard
St. Louis, Missouri 63108

ON BEHALF OF SERVICE:
Mary Jo Grotenrath -
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The respondent has appealed from the September 28, 1976, decision of the immigration judge in which he found her deportable as charged, denied her motion to terminate deportation proceedings, and granted her voluntary departure. The appeal will be sustained and the proceedings will be terminated.

The respondent, a native and citizen of the Philippines, was admitted

to the United States as a K–1 nonimmigrant fiancee on February 27, 1974. She married her United States citizen fiance within the 90-day period required by sections 101(a)(15)(K) and 214(d) of the Immigration and Nationality Act. On December 13, 1974, the respondent filed an application for recordation of lawful admission for permanent residence pursuant to section 241(d) of the Act. That provision provides that:

> In the event the marriage between the said alien and the petitioner shall occur within three months after the entry and they are found otherwise admissible, the Attorney General shall record the lawful admission for permanent residence of the alien and minor children as of the date of payment of required visa fee.

In Service interviews pertaining to the application, the respondent admitted that her marriage to Mr. Dixon had quickly deteriorated to a point beyond salvaging, that she had ceased living with her husband on June 19, 1974, and that she did not intend to return to him. On the basis of this testimony, the Acting District Director concluded that the applicant's marriage was no longer viable and denied recordation, citing our decision in *Matter of Harris*, Interim Decision 2336 (BIA 1974).

In *Harris*, we concluded that the standard of marriage should be the same in applications for recordation of lawful admission for permanent residence under section 214(d) and in applications for adjustment of status under section 245. As a consequence, we held that "neither a nonviable marriage nor a terminated marriage will support section 214(d) recordation of lawful admission for permanent residence, and that, just as a marriage must exist in fact as well as in law for it to support adjustment of status pursuant to section 245, so must it exist to support recordation of lawful admission for permanent residence pursuant to section 214(d)." *Harris*, at 5.

At her deportation hearing and again on appeal, the respondent contests deportability by challenging the denial of relief under section 214(d). She has renewed her application for recordation before the immigration judge, pursuant to 8 C.F.R. 245.2(d).

The respondent contends that our decision in *Harris* is an invalid construction of section 214(d) because in imposing the "viability requirement," we have placed greater restrictions on an alien fiancee than are set out in the statute. It is the respondent's position that section 214(d) requires only that the alien fiancee enter into a lawful marriage with the citizen petitioner within 90 days of entry and that the alien be found otherwise admissible. According to the respondent's argument, if compliance with these requirements is established, the Attorney General is required to record the alien's lawful admission for permanent residence. The Immigration and Naturalization Service joins the respondent in urging this interpretation. We note, moreover, that the Service has adhered to this position since 1972. See *Matter of Blair*, 14 I. & N. Dec. 153 (R.C. 1972); *Matter of Hays*, 14 I. & N. Dec. 188 (D.D.,

R.C. 1972); see also the dissenting opinion in *Matter of Harris*, Interim Decision 2336 (BIA 1974).

After careful consideration of the arguments advanced in the respondent's excellent brief, we have concluded that the viability requirement, which is applicable in section 245 proceedings, is not relevant in applications for benefits under section 214(d). While the regulation, 8 C.F.R. 245.2(d), requires the filing of an application for permanent resident status pursuant to section 214(d) to be made on Form I-485, and is included in the regulations generally relating to adjustment of status, it is in fact adjustment under a separate and distinct provision of the statute, carrying its own requirements, and having no relationship to the requirements of section 245. Thus, a nonviable or terminated marriage does not bar an applicant from section 214(d) benefits, if she can establish that she entered into a lawful marriage[1] with the petitioning fiance within 90 days after entry and that she is otherwise admissible.[2] Hence, we shall overrule *Matter of Harris*, Interim Decision 2336 (BIA 1974) and shall endorse the Service's decisions in *Matter of Blair, supra,* and *Matter of Hays, supra.*

The record indicates that the respondent entered into the planned marriage within 90 days of her arrival—there is no suggestion that the marriage was legally invalid or fraudulent—the respondent appears otherwise admissible. The statute is satisfied; recordation is required. Hence, the lawful admission of the respondent for permanent residence shall be recorded and deportation proceedings against her will be terminated.

**ORDER:** It is ordered that the respondent's application for status as a permanent resident under section 214(d) of the Immigration and Nationality Act be granted and deportation proceedings against her be terminated.

---

[1] For immigration purposes, the validity of a marriage is judged not only by the law of the place of celebration, but also by the intentions of the parties involved. Thus, even if individuals enter into a legally binding ceremonial marriage, the relationship will not be recognized for immigration purposes if it was contracted solely for the purpose of obtaining immigration benefits. See *Lutwak v. INS*, 344 U.S. 604 (1953); *Johl v. U.S.*, 370 F.2d 174 (9 Cir. 1966); *U.S. v. Sacco*, 428 F.2d 264 (9 Cir. 1970), cert. denied, 400 U.S. 903 (1970); *U.S. v. Lozano* 511 F.2d 1 (7 Cir. 1975).

[2] The term "otherwise admissible" refers to a finding that the alien is not within any of the classes of individuals who are excluded from admission under section 212 of the Act. In 214(d) applications, such as this, which involve a nonviable or terminated marriage, the alien would normally be expected to secure skilled or unskilled labor in the United States and would thereby fall within the excludable class set out in section 212(a)(14). We note, however, that lawful permanent residence is accorded a section 214(d) applicant as an immediate relative, a status exempt from the provisions of section 212(a)(14). Since we have concluded that an applicant's marriage remains a basis for section 214(d) benefits, whether viable or not, we do not believe that the requirements of section 212(a)(14) should be made applicable in determining whether the alien is otherwise admissible.